57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nasrin HASHEMI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-71051.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1995.
Decided June 5, 1995.
 
 1
 Before: HALL and LEAVY, Circuit Judges, and HOGAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Nasrin Hashemi petitions for review of the decision of the Board of Immigration Appeals (BIA), affirming the immigration judge's finding Hashemi deportable pursuant to 8 U.S.C. Sec. 1251(a)(1)(B) and denying her applications for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158 and 1253(h). The petitioner claims that she is entitled to asylum and withholding of deportation, on the basis that she has established both a well-founded fear and a clear probability of persecution.
 
 
 4
 The petitioner testified that her fear was well-founded on the basis of her family's anti-government stance: 1. Hashemi was a member of the organization Society of Militant Women; 2. several of her family members were involved in this organization; 3. her sister Maryam was incarcerated for five years; 4. her brother Mahmood was executed; 5. Hashemi was suspended from school and threatened by the Revolutionary Guard; 6. Hashemi left Iran against governmental order.
 
 
 5
 The BIA adopted the IJ's conclusion that Hashemi's testimony was not credible. Based on our review of the record, we find the IJ's credibility determination supported by substantial evidence and provided with specific reasons for his findings.
 
 
 6
 The IJ found no reason petitioner would be persecuted on account of her activities, given that her family was living in safety in Iran. Vides-Vides v. INS, 783 F.2d 1463, 1467 (9th Cir. 1986).
 
 
 7
 The BIA also found the relatively light punishment Hashemi received significant. In his analysis, the IJ considered the State Department Advisory Letter questioning the petitioner's testimony:
 
 
 8
 The alien, in fact, presents no evidence that she has been involved in any political activities in her country, other than the ones that are questioned by the Court as well as the State Department. That this Society of Militant Women even exists, or ever did exist. As noted lastly, she communicates regularly with family, extensive family members still living and residing there, and none of them apparently suffering difficulties because of her past activities, her failure to return to her country, or the apparent alleged activities of her family, including her brother who testified today, who alleges he is a strong anti-Islamic Republic member and organizer here. As the affidavit stated, or alleged, that other family members are, who have actively, allegedly, participated in anti-Iranian Islamic government activities in this country. Yet, none of this has resulted in difficulties apparently for the parents and family still residing there.
 
 AR at 43-44 (IJ's opinion.)
 
 9
 The IJ denied the petitioner's applications for asylum and temporary withholding of deportation based on his findings:
 
 
 10
 The Court, therefore, does not find that the alien's claims for asylum, withholding of deportation merit the relief that she is seeking. The Court does not believe the story to be credible, believable, consistent, and sufficiently persuasive to establish persecution claims that she asserts. At the minimum it appears to be a claim of exaggeration, if not fabrication.
 
 
 11
 Id. at 44. The INS argues here on appeal that we should affirm this holding:
 
 
 12
 Moreover, the evidence is not so compelling that any reasonable fact finder would have to conclude that petitioner had a well-founded fear of persecution if she were to return to Iran. INS v. Elias-Zacarias, 112 S. Ct. at 815 & n. 1; see also Shirazi-Parsa v. INS, 14 F.3d at 1427.
 
 
 13
 Respondent's Brief at 20.
 
 
 14
 The petitioner, having failed to establish a well-founded fear of persecution, has also necessarily failed to establish entitlement to a withholding of deportation, which requires an applicant to demonstrate a "clear probability of persecution"--i.e., that persecution is more likely than not to occur. De Valle v. INS, 901 F.2d 787, 790 (9th Cir. 1990).
 
 Conclusion
 
 15
 We find that the IJ did not abuse his discretion and that his decision was supported by substantial evidence. We affirm, therefore, the Board's decision finding Hashemi deportable and denying her application for asylum and withholding of deportation.
 
 
 
 *
 The Honorable Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3